IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NEELY LEONARD,   No. CIV S-07-0003-GEB-CMK-P

    Plaintiff,

  vs.   ORDER

D. RAMIREZ, et al.,

    Defendants.

                              /

        Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's complaint (Doc. 1), filed on January 3, 2007. The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a).

        Plaintiff names Ramirez and Adams as defendants. In a section of his pro se complaint entitled "General Allegations," plaintiff states:

> On 9/17/2005, Mr. Neely and Mr. Winstem was having lunch after completing a work assigment from 4 A.M. – 11 A.M. As they both was setting down and having lunch, C/O Ramirez walk up to both black inmate and place his unclean hand into their food tray. Both inmates inform Ramirez they would be exercising their redress grievances right and they filed a redress grievance shortly thereafter leaving work. [sic].
>
> In Retaliation, C/O Ramirez filed a redress grievance against Neely and Winstem for refusing to return back to work after having been order and eating food during unauthorized work hours. [sic].
>
> The [undecipherable] act violates the plaintiff right under the

1

> United States Constitutional First Amendment provision by the retaliatory conduct suffered for redress grievances right exercises. [sic].
> On April 19, 2006, Mr. Neely was returning back from PIA industry work assignment.  As he was walking to his prison cell . . . he was met by Lieutenant B.C. Adams.  B.C. Adams began yelling at him for no reason and making the statement why was he not in his prison cell, when the lock control bar for prisoner was pull back.  Mr. Neely attempted to explain to M.C. Adams he was just released from PIA industry gate.  As the statement was made the control bar was pulled, and Mr. Neely attempted to entered his prison cell and Lt. B.C. Adams cut him off, and became over aggressive, angry, and hostile.  Without any notice Lt. B.C. Adams thrus his chest into Mr. Neely forcing him to fall backward. [sic].
> Lt. B.C. Adams took the prison identification and refuse to return the I.D. for the purpose of eating evening meal, and ordered Sergeant Duton maintain Neely person on a shower bench as a disciplinary for being released from work after the cell control bas was pull for general prison population or non-workers. [sic].
> On April 19, 2006, Mr. Neely was assaulted by Lr. Adams, Denied a meal and placed on a shower bench from 3:07 P.M. through 9:20 P.M. as a adverse punishment.  This conduct was done prior to any disciplinary finding or hearing.  in violation of Mr. Neely 4th, 8th, and 14th Amendment right to the United States Constitutional law. [sic].

Further in the complaint, plaintiff adds that, at the time of the September 19, 2005, incident, defendant Ramirez falsely accused him (and inmate Winstem) of stealing food from the kitchen where they were working.  Plaintiff suggests that the accusation was improperly made against he and Winstem – black inmates – because other kitchen workers who were "white and Mexican" were not charged with any rules violation.  Plaintiff alleges: "When C/O Ramirez filed the disciplinary report alleging that Neely and Winstem was caught stealing food, when having lunch with the kitchen crew, he knowingly and intentionally filed a fraudulent report."  Plaintiff states that as a result of the allegedly false report, he was found guilty and placed under "restricted program procedure from the culinary."  Plaintiff does not allege a loss of any good-time credits.

Plaintiff alleges four claims for relief – one based on retaliation, two based on excessive force, and one based on denial of due process.  Plaintiff seeks compensatory and punitive damages and states that he is suing defendants in their individual capacities only.

The complaint appears to state a cognizable claim for relief pursuant to 42 U.S.C.

1  § 1983 and 28 U.S.C. § 1915A(b).  If the allegations are proven, plaintiff has a reasonable
2  opportunity to prevail on the merits of this action.  The court, therefore, finds that service is
3  appropriate and will direct service by the U.S. Marshal without pre-payment of costs.  Plaintiff is
4  informed, however, that this action cannot proceed further until plaintiff complies with this
5  order.  Plaintiff is warned that failure to comply with this order may result in dismissal of the
6  action.  See Local Rule 11-110.

7      Accordingly, IT IS HEREBY ORDERED that:

8      1.    Service is appropriate for the following defendant(s):

9          RAMIREZ, and

10         ADAMS

11     2.    The Clerk of the Court shall send plaintiff one USM-285 form for each
12 defendant identified above, one summons, an instruction sheet, and a copy of the complaint filed
13 January 3, 2007; and

14     3.    Within 30 days of the date of service of this order, plaintiff shall complete
15 the attached Notice of Submission of Documents and submit the following documents to the
16 court:

17     a.    The completed Notice of Submission of Documents;
18     b.    One completed summons;
19     c.    Two completed USM-285 form(s); and
20     d.    Three copies of the endorsed complaint filed January 3, 2007.

22 DATED:  February 13, 2007.

                                                      CRAIG M. KELLISON
                                                    UNITED STATES MAGISTRATE JUDGE

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF CALIFORNIA**

NEELY LEONARD,  No. CIV S-07-0003-GEB-CMK-P
    Plaintiff,
  vs.
D. RAMIREZ, et al.,
    Defendants.
                              /

NOTICE OF SUBMISSION OF DOCUMENTS

    Plaintiff hereby submits the following documents in compliance with the court's order:

      __1__    completed summons form;
      ____    completed USM-285 form(s); and
      ____    copies of the complaint filed on January 3, 2007.

DATED: _____                        _____
                                                                   Plaintiff