1

2

3

4

5

6

7

8             **IN THE UNITED STATES DISTRICT COURT**

9            **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11  NEELY LEONARD,                        No. CIV S-07-0003-GEB-CMK-P

12              Plaintiff,

13       vs.                              <u>FINDINGS AND RECOMMENDATIONS</u>

14  D. RAMIREZ, et al.,

15              Defendants.

16  _____/

17              Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant

18  to 42 U.S.C. § 1983.   On February 14, 2007, the court issued an order determining that service

19  of this action is appropriate for defendants Ramirez and Adams.  Plaintiff has submitted the

20  documents necessary for service of process on these defendants and, by separate order, the court

21  will direct the U.S. Marshal to serve the action.  The court now addresses Dutton, who is listed

22  on the court's docket as a defendant.

23              A review of the complaint filed on January 8, 2007, reflects that, on the first page

24  of the court's form 42 U.S.C. § 1983 complaint, plaintiff listed in the place for the names of

25  defendants the following: D. Ramirez – Corrections Official; B.C. Adams – Lieutenant; and

26  Dutton – Corrections Official.  Dutton is not, however, listed on page 3 of the form complaint

                                            1

under the section entitled "III. Defendants," nor is he referenced anywhere in the complaint other than on the first page as described.   On the fourth page of the complaint (containing the section plaintiff entitles "General Allegations"), plaintiff indicates in the caption that he is suing John Does 1 through 2.  However, the court cannot find any reference in the body of the complaint to alleged conduct by defendants whose identities are unknown.  Rather, plaintiff alleges specific claims against Defendants Ramirez and Adams only.

It appears that Dutton is not a proper defendant to this action at the present time.  Assuming that plaintiff can make out allegations against Dutton, amendment of the complaint to add this individual as a defendant may be appropriate at a later stage in the proceedings.  Plaintiff should refer to Federal Rule of Civil Procedure 15 regarding amendments to the complaint.

Based on the foregoing, the undersigned recommends that Dutton be dismissed, without prejudice, as a defendant to this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:   March 7, 2007.


CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE