**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

LEONARD NEELY,                              No. CIV S-07-0003-GEB-CMK-P

    Plaintiff,

  vs.                                      FINDINGS AND RECOMMENDATIONS

D. RAMIREZ, et al.,

    Defendants.

_____/

        Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is defendant Ramirez' motion to dismiss (Doc. 12), filed on May 17, 2007.[1] Defendant argues that plaintiff failed to exhaust available administrative remedies. Plaintiff has filed an opposition.

**I. BACKGROUND**

        Plaintiff names Ramirez and Adams as defendants. The allegations in the complaint can be divided into two categories: (1) claims against defendant Ramirez relating to

---

[1] Defendant Adams has not been served. Defendant Ramirez' motion does not affect claims against defendant Adams.

1

events in 2005; and (2) claims against defendant Adams relating to events in 2006.  Because defendant Adams has not been served, and because the claims against defendants Ramirez and Adams do not relate to each other, the court will focus on plaintiff's allegations against defendant Ramirez.  Plaintiff alleges four claims for relief – one based on retaliation, two based on excessive force, and one based on denial of due process.  Plaintiff seeks compensatory and punitive damages and states that he is suing defendants in their individual capacities only.

As to defendant Ramirez, plaintiff alleges:

> On 9/17/2005, Mr. Neely and Mr. Winstem was having lunch after completing a work assigment from 4 A.M. – 11 A.M.  As they both was setting down and having lunch, C/O Ramirez walk up to both black inmate and place his unclean hand into their food tray.  Both inmates inform Ramirez they would be exercising their redress grievances right and they filed a redress grievance shortly thereafter leaving work. [sic].
> In Retaliation, C/O Ramirez filed a redress grievance against Neely and Winstem for refusing to return back to work after having been order and eating food during unauthorized work hours. [sic].
> The [undecipherable] act violates the plaintiff right under the United States Constitutional First Amendment provision by the retaliatory conduct suffered for redress grievances right exercises. [sic].

Further in the complaint, plaintiff adds that, at the time of the September 19, 2005, incident, defendant Ramirez falsely accused him (and inmate Winstem) of stealing food from the kitchen where they were working.  Plaintiff suggests that the accusation was improperly made against he and Winstem – black inmates – because other kitchen workers who were "white and Mexican" were not charged with any rules violation.  Plaintiff alleges: "When C/O Ramirez filed the disciplinary report alleging that Neely and Winstem was caught stealing food, when having lunch with the kitchen crew, he knowingly and intentionally filed a fraudulent report."  Plaintiff states that as a result of the allegedly false report, he was found guilty and placed under "restricted program procedure from the culinary."  Plaintiff does not allege a loss of any good-time credits.

## II.  STANDARD FOR MOTION TO DISMISS

A motion to dismiss for lack of exhaustion of administrative remedies is properly

2

the subject of an unenumerated motion under Federal Rule of Civil Procedure 12(b). See Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). "In deciding a motion to dismiss for failure to exhaust non-judicial remedies, the court may look beyond the pleading and decide disputed issues of fact." Id. at 1119-20. If the court concludes that administrative remedies have not been exhausted, the unexhausted claim should be dismissed without prejudice. See id. at 1120.

### III.  DISCUSSION

Defendant Ramirez argues that he should be dismissed because plaintiff's claims against him are unexhausted. Prisoners seeking relief under § 1983 must exhaust all available administrative remedies prior to bringing suit. See 42 U.S.C. § 1997e(a). This requirement is mandatory regardless of the relief sought. See Booth v. Churner, 532 U.S. 731, 741 (2001) (overruling Rumbles v. Hill, 182 F.3d 1064 (9th Cir. 1999)). Because exhaustion must precede the filing of the complaint, compliance with § 1997e(a) is not achieved by exhausting administrative remedies while the lawsuit is pending. See McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002). The Supreme Court recently addressed the exhaustion requirement in Jones v. Bock, 127 S.Ct. 910 (2007), and held: (1) prisoners are not required to specially plead or demonstrate exhaustion in the complaint because lack of exhaustion is an affirmative defense which must be pleaded and proved by the defendants; (2) an individual named as a defendant does not necessarily need to be named in the grievance process for exhaustion to be considered adequate because the applicable procedural rules that a prisoner must follow are defined by the particular grievance process, not by the PLRA; and (3) the PLRA does not require dismissal of the entire complaint if only some, but not all, claims are unexhausted. The Supreme Court also held in Woodford v. Ngo, 126 S.Ct. 2378, 2385-88 (2006), that, in order to exhaust administrative remedies, the prisoner must comply with all of the prison system's procedural rules and that partial compliance is not enough.

A prison inmate in California satisfies the administrative exhaustion requirement

3

by following the procedures set forth in §§ 3084.1-3084.7 of Title 15 of the California Code of Regulations.  In California, inmates "may appeal any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit. 15, § 3084.1(a).  These regulations require the prisoner to proceed through several levels of appeal:  (1) informal resolution; (2) formal appeal; (3) second level appeal to institution head; (4) third level appeal to the director of the California Department of Corrections and Rehabilitation.  A decision at the third formal level, which is also referred to as the director's level, is not appealable and concludes a prisoner's departmental administrative remedy.  See Cal. Code Regs. tit. 15, §§ 3084.1(a) and 3084.5(e)(2). Departmental appeals coordinators may summarily deny a prisoner's untimely administrative appeal.  See Cal. Code Regs. tit. 15, §§ 3084.3(c)(6) and 3084.6(c).  Currently, California regulations do not contain any provision specifying who must be named in the grievance.

        According to defendant, plaintiff filed a grievance on September 22, 2005.  Plaintiff, however, refused to be interviewed in connection with the grievance and, as a result, it was dismissed at the first level.  Plaintiff filed another grievance on November 2, 2005, claiming that defendant Ramirez improperly fired him from his kitchen job and that defendant Ramirez retaliated against him by filing a false rules violation report.  This grievance was partially granted at the second level of administrative review to the extent an investigation into defendant Ramirez' alleged conduct was initiated.  The rules violation was sustained.  Defendant asserts that there is no record that plaintiff ever attempted to seek further review of either of these grievances.

        As to the first grievance, defendant argues that plaintiff failed to exhaust available administrative remedies because he did not adhere to regulations requiring him to submit to an interview.  See Cal. Code Regs. tit. 15, § 2084.4(d).  As to the second grievance, defendant argues that plaintiff failed to exhaust by seeking a director's level review.  Plaintiff argues that both grievances were exhausted by separate decisions from the State of California Board of Control.  Plaintiff cites case number G-560760 for the September grievance and case number G-562461 for

4

the November grievance.

The documents attached to plaintiff's opposition show that, as defendant states, his first grievance was terminated because he refused to submit to an interview and his second grievance was not pursued to the director's level.  With respect to the decisions from the Board of Control rejecting both grievances, those are not part of the prison grievance process which plaintiff must complete to satisfy the exhaustion requirement.  Rather, they are part of a separate process for obtaining relief from the State of California Victim Compensation and Government Claims Board.  Because plaintiff failed to comply with all of the administrative requirements for exhaustion of remedies by prisoners in California, the court agrees that plaintiff's claims against defendant Ramirez are unexhausted.

### IV.  CONCLUSION

Based on the foregoing, the undersigned recommends that defendant Ramirez' motion to dismiss (Doc. 12) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  June 7, 2007.

_____
CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE