IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LEONARD NEELY,                                    No. CIV S-07-0003-GEB-CMK-P

        Plaintiff,

    vs.                                                              FINDINGS AND RECOMMENDATIONS

B.C. ADAMS,

        Defendant.

_____/

        Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is defendant's motion to dismiss (Doc. 31).  Defendant argues that plaintiff has failed to exhaust his claims.  Plaintiff has filed an opposition (Doc. 32), and defendant has filed a reply (Doc. 36).  Plaintiff has also filed a statement of "undisputed facts" in support of exhaustion (Doc. 39).

/ / /

/ / /

/ / /

/ / /

/ / /

## I. BACKGROUND

In his original complaint, plaintiff named Ramirez and Adams as defendants.[1] The allegations in the complaint can be divided into two categories: (1) claims against defendant Ramirez relating to events in 2005; and (2) claims against defendant Adams relating to events in 2006. Because defendant Ramirez has been dismissed, the court will focus only on plaintiff's allegations against defendant Adams. In a section of his pro se complaint entitled "General Allegations," plaintiff states:

> On April 19, 2006, Mr. Neely was returning back from PIA industry work assignment. As he was walking to his prison cell . . . he was met by Lieutenant B.C. Adams. B.C. Adams began yelling at him for no reason and making the statement why was he not in his prison cell, when the lock control bar for prisoner was pull back. Mr. Neely attempted to explain to M.C. Adams he was just released from PIA industry gate. As the statement was made the control bar was pulled, and Mr. Neely attempted to enter his prison cell and Lt. B.C. Adams cut him off, and became over aggressive, angry, and hostile. Without any notice Lt. B.C. Adams thrust his chest into Mr. Neely forcing him to fall backward. [sic].
> Lt. B.C. Adams took the prison identification and refused to return the I.D. for the purpose of eating evening meal, and ordered Sergeant Duton maintain Neely's person on a shower bench as a disciplinary for being released from work after the cell control bar as pulled for general prison population or non-workers. [sic].
> On April 19, 2006, Mr. Neely was assaulted by Lt. Adams, Denied a meal and placed on a shower bench from 3:07 P.M. through 9:20 P.M. as a[n] adverse punishment. This conduct was done prior to any disciplinary finding or hearing in violation of Mr. Neely 4th, 8th, and 14th Amendment right to the United States Constitutional law. [sic].

Plaintiff claims defendant Adams used "excessive for[ce] without penalogical reasons and not in the interest of prison security when he used his chest as a weapon tool to forcefully push Mr. Neely back in order to provoke a hostile environment for no . . . reason." Plaintiff also claims that defendant Adams: (1) improperly denied him an evening meal; (2) improperly forced him to sit on the shower bench; and (3) denied use of bathroom facilities.

/ / /

---

[1] Defendant Ramirez was dismissed on July 24, 2007.

## II. STANDARD FOR MOTION TO DISMISS

A motion to dismiss for lack of exhaustion of administrative remedies is properly the subject of an unenumerated motion under Federal Rule of Civil Procedure 12(b). See Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). "In deciding a motion to dismiss for failure to exhaust non-judicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." Id. at 1119-20. If the court concludes that administrative remedies have not been exhausted, the unexhausted claim should be dismissed without prejudice. See id. at 1120.

## III. DISCUSSION

Defendant Adams argues that this action should be dismissed because plaintiff's claims against him are unexhausted. Prisoners seeking relief under § 1983 must exhaust all available administrative remedies prior to bringing suit. See 42 U.S.C. § 1997e(a). This requirement is mandatory regardless of the relief sought. See Booth v. Churner, 532 U.S. 731, 741 (2001) (overruling Rumbles v. Hill, 182 F.3d 1064 (9th Cir. 1999)). Because exhaustion must precede the filing of the complaint, compliance with § 1997e(a) is not achieved by exhausting administrative remedies while the lawsuit is pending. See McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002). The Supreme Court recently addressed the exhaustion requirement in Jones v. Bock, 127 S.Ct. 910 (2007), and held: (1) prisoners are not required to specially plead or demonstrate exhaustion in the complaint because lack of exhaustion is an affirmative defense which must be pleaded and proved by the defendants; (2) an individual named as a defendant does not necessarily need to be named in the grievance process for exhaustion to be considered adequate because the applicable procedural rules that a prisoner must follow are defined by the particular grievance process, not by the PLRA; and (3) the PLRA does not require dismissal of the entire complaint if only some, but not all, claims are unexhausted. The Supreme Court also held in Woodford v. Ngo, 126 S.Ct. 2378, 2385-88 (2006), that, in order to exhaust administrative remedies, the prisoner must comply with all of the prison system's

procedural rules and that partial compliance is not enough.

A prison inmate in California satisfies the administrative exhaustion requirement by following the procedures set forth in §§ 3084.1-3084.7 of Title 15 of the California Code of Regulations. In California, inmates "may appeal any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). These regulations require the prisoner to proceed through several levels of appeal: (1) informal resolution; (2) formal appeal; (3) second level appeal to institution head; (4) third level appeal to the director of the California Department of Corrections and Rehabilitation. A decision at the third formal level, which is also referred to as the director's level, is not appealable and concludes a prisoner's departmental administrative remedy. See Cal. Code Regs. tit. 15, §§ 3084.1(a) and 3084.5(e)(2). Departmental appeals coordinators may summarily deny a prisoner's untimely administrative appeal. See Cal. Code Regs. tit. 15, §§ 3084.3(c)(6) and 3084.6(c). Currently, California regulations do not contain any provision specifying who must be named in the grievance.

According to defendant Adams:

> . . . Neely filed an administrative appeal on April 24, 2006, stating that Adams bumped him backward with his chest, took his identification card, denied him an evening meal, and forced him to sit on a shower bench for over three hours. (Johnson Decl. ¶ 5, Ex. A). This appeal was partially granted at the first level of review, to the extent that corrections officials granted Neely's request for no retaliation. (Johnson Decl., ¶ 6, Ex. B). However, prison staff did not grant Neely's request for an internal investigation. (Johnson Decl. ¶ 6, Ex. B). Neely did not pursue this appeal to the second level or the Director's level review. (Johnson Decl. ¶ 7; Grannis Decl. ¶¶ 5-7). Between the incident with Adams on April 19, 2006, and the filing of his complaint on January 3, 2007, Neely did not file any other appeals accepted for review. (Johnson Dec. ¶ 5).

Defendant Adams argues that, because plaintiff did not pursue his administrative grievance beyond the first level of review, he has failed to exhaust his claims. Defendant Adams submits the declarations of D. Johnson and N. Grannis in support of his motion. Johnson is the Appeals Coordinator at Folsom State Prison; Grannis is Chief of the Inmate Appeals Branch for the

1  California Department of Corrections and Rehabilitation.  Johnson states that between April
2  2006, and January 3, 2007, plaintiff initiated only one grievance – the grievance concerning
3  defendant Adams.  Grannis states that, during this same time period, the only grievance plaintiff
4  pursued to the Director's level of review concerned a lock-down on December 7, 2005.
5          In opposition, plaintiff argues that his grievance was exhausted when it was
6  partially granted.  He also states that, on July 30, 2007, he filed a "response, not being satisfied
7  with the institutional decision."  He states this "response" was rejected by Grannis on September
8  19, 2007.  Plaintiff adds that he filed a claim with the California Board of Control concerning the
9  April 2006 incident.  In his reply brief, defendant Adams states that Grannis denied the further
10  appeal on September 19, 2007, because it was untimely, having been submitted more than a year
11  after the original denial.
12          The court agrees with defendant Adams that plaintiff has not satisfied the
13  exhaustion requirement.  Specifically, the record demonstrates that plaintiff did not pursue his
14  grievance against defendant Adams through all levels of review <u>before he filed this action in</u>
15  <u>January 2007</u>.  Further, even if the July 30, 2007, "response" could be considered despite having
16  been submitted after the action was commenced, it was denied as untimely and, therefore,
17  plaintiff failed to comply with the procedural rule governing inmate grievances.  For these
18  independent reasons, plaintiff's claims against Adams – the only defendant remaining in this
19  action – were not exhausted prior to commencement of suit.
20  / / /
21  / / /
22  / / /
23  / / /
24  / / /
25  / / /
26  / / /

### IV.  CONCLUSION

Based on the foregoing, the undersigned recommends that defendant Adams' motion to dismiss (Doc. 31) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 26, 2008

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE